# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **LISA J. MCCOMBS** | **PLAINTIFF** |
| v. | **CIVIL NO. 1:16cv386-HSO-JCG** |
| **AMERICAN AIRLINES, INC.,** <br> **ENVOY AIR, INC., AND** <br> **JOHN AND JANE DOE A, B, C, D, E, F, AND G** | **DEFENDANTS** |

## ORDER DENYING DEFENDANTS' MOTION [17] TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [4]

BEFORE THE COURT is Defendants American Airlines, Inc., and Envoy Air, Inc.'s ("Defendants") Motion to Dismiss [17] Plaintiff Lisa J. McCombs' First Amended Complaint [4]. This Motion is fully briefed. For the reasons that follow, the Court finds that this Motion should denied, and Plaintiff should be granted until Friday, July 14, 2017, to file an amended Complaint.

## I. BACKGROUND

This matter arises out of incidents that occurred in October 2015 when Plaintiff Lisa J. McCombs ("Plaintiff") attempted to board a return flight from the Manhattan Regional Airport in Manhattan, Kansas, to Gulfport - Biloxi International Airport in Gulfport, Mississippi. Plaintiff asserts that on October 25, 2015, representatives or employees of Defendants American Airlines, Inc., and /or Envoy Air, Inc., located at the Manhattan Regional Airport, or elsewhere, wrongfully prohibited her from boarding a return flight unless she paid a $125 fee

to place her "Service Animal" "Jake" in cargo, even though the ticket she had purchased for the return flight reflected that she was traveling with a Service Animal. Am. Compl. [4] at 6-11.

On October 26, 2015, having rebooked, Plaintiff was again prohibited from boarding a return fight unless she paid a $125 fee to place her Service Animal in cargo or produce updated documentation evidencing both her disability and her dog's certification as a Service Animal. *Id*. at 11-13. On October 27, 2015, after rebooking once again, Plaintiff was allowed to board the return flight only to be "embarrassed, humiliated, and mortified" by the treatment she received from "an entourage of American Airline Representatives" in Dallas, Texas, where she was making her connecting flight to Gulfport, Mississippi. *Id*. at 13-15.

On October 24, 2016, Plaintiff filed a Complaint [1], followed by a First Amended Complaint [4] filed on November 30, 2016, pursuant to diversity jurisdiction under 28 U.S.C. § 1332. The Amended Complaint asserts claims against Defendants American Airlines, Inc., Envoy Air, Inc., and John and Jane Does A, B, C, D, E, F, and G ("Defendants") for: (1) Negligence, Am. Compl. [4] at 18-19; (2) Negligence Per Se, *id*. at 19-22; (3) Negligent Supervision, *id*. at 22-24; (4) Negligent and/or Intentional Infliction of Emotional Distress, *id*. at 24-25; (5) Breach of Contract, and for the Independent Torts of Bad Faith and Breach of the Duty of Good Faith and Fair Dealing, *id*. at 25-27; (6) Fraud/Fraudulent Inducement/Fraudulent Misrepresentation; *id*. at 27-29; (7) Violation of Title II

2

and/or Title III of the Americans with Disabilities Act, *id*. at 29-31; (8) Pattern and Practice/Systematic Reckless Disregard and Failure to Train, *id* at 31-32; (9) Respondeat Superior, *id*. at 32-33; and (10) Joint Venture/Partnership/Co-Principals, *id*. at 33-34.

Defendants have filed a Motion to Dismiss [17] pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss [17] at 1-2. Defendants contend, in relevant part, that the Court should dismiss Plaintiff's Amended Complaint with prejudice because all of her claims are preempted by the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705. Mem. in Supp. [18] at 3-7. Alternatively, to the extent Plaintiff's claims in Count 5 for Breach of Contract and for the Independent Torts of Bad Faith and Breach of the Duty of Good Faith and Fair Dealing are not preempted, Defendants take the position that Kansas law should apply. Mot. to Dismiss [17 at 2; Mem. in Supp. [18] at 17-24.

Plaintiff's Response [27] argues that Plaintiff has asserted claims under Mississippi law and that although those claims "may in some cases utilize standards put forth in the language of the ACAA, the ACAA does <u>not</u> preempt Plaintiff's State law claims." Resp. in Opp'n. [27] at 1-2.; Mem. in Opp'n [28] at 1-2 (emphasis in original). Plaintiff asks that the Motion to Dismiss be denied or, alternatively, that she be allowed to amend her Complaint. Resp. in Opp'n. [27] at 2.

3

## II. DISCUSSION

A. Relevant Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Specifically, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

B. Defendants' Motion to Dismiss should be denied without prejudice to their right to re-urge, and Plaintiff should be allowed to amend her Complaint.

In determining whether to allow a plaintiff leave to amend a complaint under Federal Rule of Civil Procedure 15, as opposed to granting a motion to dismiss under Rule 12, a court considers various factors, although there is a "presumption in favor of allowing pleading amendments." *Marcucci Sports, LLC v. NCAA*, 751 F.3d 368, 378-79 (5th Cir. 2014) (quotation omitted).

> "Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (citation and internal quotation marks omitted). Leave to amend is in

4

no way automatic, but the district court must possess a "substantial reason" to deny a party's request for leave to amend. *Id.* (citation and internal quotation marks omitted). The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment." *Id.* (citation omitted). "In light of the presumption in favor of allowing pleading amendments, courts of appeals routinely hold that a district court's failure to provide an adequate explanation to support its denial of leave to amend justifies reversal." *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 426 (5th Cir. 2004) (citation omitted).

*Id.* at 378.

Given the nature of the arguments presented by the parties and the present posture of this case, the Court is of the opinion that the more appropriate course at this juncture would be to permit Plaintiff the opportunity to amend her Complaint. Granting Plaintiff leave to amend her Complaint to more specifically allege her claims is not inconsistent with the appropriate standards under Rule 15. Because the Court will permit Plaintiff to amend her Complaint, it need not reach Defendants' preemption argument at this juncture.

### III. CONCLUSION

The Court finds that Plaintiff should be permitted the opportunity to amend her Complaint to state her claims against Defendants with greater particularity. Defendants American Airlines, Inc., and Envoy Air, Inc.'s Motion to Dismiss [17] will be denied, without prejudice to their right to reassert the Motion following the

filing of any amended Complaint, or to answer or otherwise respond to Plaintiff's amended Complaint after Plaintiff's July 14, 2017, deadline for filing the same.

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED** that Defendants American Airlines, Inc., and Envoy Air, Inc.'s Motion to Dismiss [17] is **DENIED WITHOUT PREJUDICE**.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that Plaintiff Lisa J. McCombs is granted leave to file an Amended Complaint. **Plaintiff shall file any Amended Complaint on or before Friday, July 14, 2017.**

**SO ORDERED AND ADJUDGED**, this the 27th day of June, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE