# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| LISA J. MCCOMBS | PLAINTIFF |
| v. | CIVIL NO. 1:16-cv-386-HSO-JCG |
| AMERICAN AIRLINES, INC., ENVOY AIR, INC., AND JOHN AND JANE DOE A, B, C, D, E, F, AND G | DEFENDANTS |

### ORDER DENYING DEFENDANTS' MOTION [11] TO TRANSFER VENUE TO THE DISTRICT OF KANSAS

BEFORE THE COURT is Defendants American Airlines, Inc., and Envoy Air, Inc.'s Motion [11] to Transfer Venue to the District of Kansas. This Motion is fully briefed. After due consideration of Motion, the record as a whole, and relevant legal authority, the Court finds that Defendants' Motion should be denied.

## I. BACKGROUND

This matter arises out of incidents that occurred in October 2015 when Plaintiff Lisa J. McCombs ("Plaintiff") attempted to board a return flight from the Manhattan Regional Airport in Manhattan, Kansas, to Gulfport - Biloxi International Airport in Gulfport, Mississippi. Plaintiff asserts that on October 25, 2015, representatives or employees of Defendants American Airlines, Inc., and/or Envoy Air, Inc., located at the Manhattan Regional Airport, or elsewhere, wrongfully prohibited her from boarding a return flight, unless she paid a $125 fee to place her "Service Animal" "Jake" in cargo, even though the ticket she had purchased for the return flight reflected that she was traveling with a Service Animal. Am. Compl. [4] at 6-11. On October 26, 2015, having rebooked, Plaintiff

was again prohibited from boarding a return fight unless she paid a $125 fee to place her Service Animal in cargo or produce updated documentation evidencing both her disability and her dog's certification as a Service Animal. *Id*. at 11-13. On October 27, 2015, after rebooking once again, Plaintiff was allowed to board the return flight only to be "embarrassed, humiliated, and mortified" by the treatment she received from "an entourage of American Airline Representatives" in Dallas, Texas, where she made her connecting flight to Gulfport, Mississippi. *Id*. at 13-15.

On October 24, 2016, Plaintiff filed a Complaint [1], followed by a First Amended Complaint [4] filed on November 30, 2016, pursuant to diversity jurisdiction under 28 U.S.C. § 1332. The Amended Complaint asserts claims against Defendants American Airlines, Inc., Envoy Air, Inc., and John and Jane Does A, B, C, D, E, F, and G ("Defendants") for: (1) Negligence, Am. Compl. [4] at 18-19; (2) Negligence Per Se, *id*. at 19-22; (3) Negligent Supervision, *id*. at 22-24; (4) Negligent and/or Intentional Infliction of Emotional Distress, *id*. at 24-25; (5) Breach of Contract, and for the Independent Torts of Bad Faith and Breach of the Duty of Good Faith and Fair Dealing, *id*. at 25-27; (6) Fraud/Fraudulent Inducement/Fraudulent Misrepresentation; *id*. at 27-29; (7) Violation of Title II and/or Title III of the Americans with Disabilities Act, *id*. at 29-31; (8) Pattern and Practice/Systematic Reckless Disregard and Failure to Train, *id* at 31-32; (9)

Respondeat Superior, *id*. at 32-33; and (10) Joint Venture/Partnership/Co-Principals, *id*. at 33-34.

Defendants have filed a Motion [11] to Transfer Venue to the District of Kansas pursuant to 28 U.S.C. § 1404(a), asserting that "this matter has virtually no ties to the Southern District of Mississippi" since the incidents referenced in the Amended Complaint occurred at the Manhattan Regional Airport in Kansas over the course of three days. Mot. to Transfer [11] at 1-2. Defendants maintain that the majority of the "key" witnesses "reside in Kansas," thus "for the convenience of the witnesses and in the interests of justice" the case should be transferred to the District of Kansas. *Id*. Defendants identify the following current and former employees residing in Kansas who are "key witnesses and eye witnesses" to the incidents at the Manhattan Regional Airport: Dessia Ray-Love; Curtis Henderson, Jr.; Laurel Sullivan; Shawn Miner; and Robert Moya. Mem. in Supp. [12] at 7-9.

Defendants identify additional witnesses such as Jacob Wilson with the Riley County Police Department, as an eyewitness; Jesse Romo and Brandon Keazer, Manhattan Regional Airport Director and Assistant Director respectively, persons with knowledge of the events; an unnamed Kansas resident identified by Plaintiff as "a local friend"; and an unnamed individual identified by Plaintiff as a friend in "Army service uniform." *Id*. at 9-11. Defendants also identify as witnesses the American Airlines representatives with whom Plaintiff spoke by telephone and

3

argue that they are neutral witnesses who reside in the Dallas/Fort Worth, Texas, area who will be equally inconvenienced to travel to Mississippi or Kansas. *Id*. at 11. Defendants conclude that because Kansas law should be applied, the case should be transferred to Kansas. *Id*. at 3, 18.

Plaintiff's Response maintains that "*all* of Plaintiff's causes of action stem from a contract that Defendants made with a Mississippi resident (pursuant to Defendants' advertising in Mississippi) to fly a Mississippi resident from and back to Gulfport, Mississippi," and for which consideration was paid by Plaintiff in Mississippi. Resp. in Opp'n [23] at 1-2 (emphasis in original). Plaintiff contends that the majority of the non-party witnesses either reside in, or are willing to travel to, Gulfport, Mississippi, to testify at trial including: Anita Patten, Plaintiff's mother, residence not indicated; Dean Morrow, Plaintiff's employer from 2009 to February 2017, resident of Gulfport, Mississippi; Latisha Collier, resident of Ocean Springs, Mississippi; Pamela Williams, resident of Diamondhead, Mississippi; Amy Jones, resident of Ocean Springs, Mississippi; Holley E. Dreger, LCSW, whose office is in Biloxi, Mississippi; and an unnamed military witness currently stationed in Iraq. Mem. in Opp'n [24] at 11-13.

In Rebuttal, Defendants assert that greater deference should be given to the convenience of the "liability" witnesses in Kansas as opposed to the "damages" witnesses in Mississippi, whether or not the fact witnesses are employees of

4

Defendants. Rebuttal Mem. [30] at 6. Defendants further maintain that transfer to Kansas is appropriate because Plaintiff has moved to Italy, such that Plaintiff's "choice of forum" should be given less deference than if she still resided in Mississippi. *Id.* at 6-8.

## II. DISCUSSION

A.   Legal Standard

In reviewing a request for change of venue, "[t]here can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer.'" *In re Volkswagen of Am., Inc. ("Volkswagen II")*, 545 F.3d 304, 311 (5th Cir. 2008) (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)). 28 U.S.C. § 1404(a) provides that

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

"[A] district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013).

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing,

5

> witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6, 102 S. Ct. 252, 70 L. Ed.2d 419 (1981) (internal quotation marks omitted). Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Ibid.* (internal quotation marks omitted). The Court must also give some weight to the plaintiffs' choice of forum. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544, 99 L. Ed. 789 (1955).

*Id.* at 581 n.6. "Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* at 581 (quoting 28 U.S.C. § 1404(a)).

B.  <u>Defendants' Motion to Transfer to the District of Kansas should be denied.</u>

The parties do not appear to dispute that venue would be proper in both the Southern District of Mississippi and the District of Kansas. After review of the Motion, the related pleadings, and the record as a whole, the Court finds that Defendants have not met their burden of demonstrating that the District of Kansas is a "clearly more convenient" venue for this matter than the Southern District of Mississippi, or that transfer would otherwise better serve "the interest of justice."

1.  <u>Private-interest Factors 1 - 4 weigh against transfer.</u>

The parties have identified witnesses who reside in Mississippi, Kansas, Texas, and abroad. Witnesses in Kansas include Defendants' employees, airport

6

officials, and police officers.  Defendants acknowledge that the police officers "were not directly involved in the interactions" between Plaintiff and Defendants' employees although they were eyewitnesses.  Mem. in Supp. [12] at 9.

In seeking a transfer, Defendants appear to rely upon the number of Kansas residents who may be called as fact witnesses to testify at trial concerning the events which occurred at the Manhattan Regional Airport.  However, the majority of these witnesses are employed by Defendants and thus constitute party witnesses whose location is given less weight than that of non-party witnesses such as the Mississippi residents identified by Plaintiff.  *See Pension Advisory Group, Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 711 (S.D. Tex. 2011); *Granny's All. Holdings, Inc. v. Farrow Constr. Specialties, Inc.*, Civil No. 1:11cv165, 2012 WL 1836272, at *9 (S.D. Miss. May 21, 2012) (denying transfer when Mississippi was the forum chosen by plaintiff, the contract was entered into in the State of Mississippi, defendants had established a presence in Mississippi, and witnesses were located throughout the country)).   Further, Defendants here are "transportation" companies with the presumed ability to both require the attendance of their employees at trial and provide them transportation.  *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1397 (S.D. Tex. 1992)

Regardless of venue, willing non-party witnesses of one party or the other will be required to travel. To prevail on their Motion to Transfer Venue, Defendants are required to demonstrate that the District of Kansas is "clearly more convenient." *Volkswagen II,* 545 F.3d at 1508. Defendants have not carried this burden, and transfer of this case would impermissibly shift the burden of inconvenience to Plaintiff. *Sorrels Steel Co. v. Great Sw. Corp*, 651 F. Supp. 623, 630 (S.D. Miss. 1986) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)).

2. Public-interest Factors (5) and (6) are neutral.

Defendants assert that Factor (5) is neutral because "court congestion in both districts is very similar" and it takes on average only two more months in the District of Kansas for a case to go to trial than in the Southern District of Mississippi. Mem. in Supp. [12] at 15-16. Plaintiff alleges that the average wait for a trial is three months longer. Mem. in Opp'n [24] at 24. The Court finds that Factor 5 is neutral.

Likewise, the Court finds that Factor (6) is neutral because airline travel, as well as the treatment of airline passengers with disabilities, is of interest to citizens in both Districts.

4. Public-interest Factors (7) and (8) weigh against transfer.

Plaintiff asserts that her claims arise under Mississippi law, while Defendants contend that either federal law or Kansas law should apply. Assuming

8

without deciding that Mississippi substantive law would apply to some of Plaintiff's claims, Factors (7) and (8) would weigh against transfer because this Court is more familiar with Mississippi law.

Even if it is determined that Kansas law would apply, Defendants acknowledge that "this Court is able to apply Kansas law." Mem. in Supp. [12] at 18. This Court has previously found that

> [w]hile it is a factor to be considered, the fact that a federal court may apply state law from a different forum is not to be accorded great weight in deciding a motion to transfer, especially where the applicable state law appears to be clear. *See Busch v. Sea World of Ohio,* 95 F.R.D. 336, 341 (W.D. Pa. 1982); *Breindel v. Levitt and Sons, Inc.,* 294 F. Supp. 42, 44 (E.D.N.Y. 1968). These defendants have made no contention that, if applicable, Florida law in this area is unclear, nor have they contended that this court would encounter any difficulty in applying Florida law. Moreover, as the court recognized in *Ocean Science and Engineering, Inc. v. International Geomarine Corp.,* 312 F. Supp. 825 (D. Dela. 1970), "For this court to apply foreign law is not such an unusual circumstance to require transfer." *Ocean Science*, 312 F. Supp. at 830.

*Sorrels Steel Co.,* 651 F. Supp. at 630.

Based upon the foregoing authorities, the Court finds that Factors 7 and 8 weigh against transfer.

### III. <u>CONCLUSION</u>

In sum, having considered the record as a whole and weighed all relevant factors, the Court finds Defendants American Airlines, Inc., and Envoy Air, Inc.'s Motion [11] to Transfer Venue should be denied.

9

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants American Airlines, Inc., and Envoy Air, Inc.'s Motion [11] to Transfer Venue is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 28th day of June, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE